# JUAN MARTINEZ FAGOT, Libellant,

## v.

# LINEA FERREA DEL OESTE, Libellee.

San Juan, Admiralty, No. 1277.

### AVERMENTS OF TORT.

Admiralty—Navigable Waters.

1. The court judicially knows that the harbor of San Juan is navigable water.

Admiralty—Demurrer.

2. Where the tort alleged is the careless placing of a rope, it is not material that there is no allegation as to ownership of the wharf.

Opinion filed April 24, 1919.

Mr. *H. R. Francis* and *de Jesus* for libellant.

Mr. *L. Feliu* for libellee.

HAMILTON, Judge, delivered the following opinion:

Exceptions have been filed to the libel on the ground of lack of jurisdiction, of insufficiency, and of indistinctness. The last is waived.

1. It is claimed that injury resulted to the libellant from falling overboard after being tripped up by a rope on the launch Trigueña. The claim, therefore, lies in tort, and is dependent

Fagot v. Linea Ferrea del Oeste.

upon its occurring in navigable waters of the United States. The expression "navigable waters" is not used in the libel, but it would seem clear that the libellant met the accident upon a trip from San Juan to Cataño on the launch in question, and before he had disembarked. The court judicially knows that the harbor of San Juan is navigable water within the ebb and flow of the tide, and there is no possible way for the Trigueña to have got out of the navigable water at the time of the accident. It would seem that the jurisdiction is clear so far as dependent upon locality.

2. The insufficiency urged is that the accident was due to there being no light on the wharf or upon the boat, and there is no allegation that defendant controls the wharf.

The tort, however, was not based upon the insufficiency of light. The insufficiency of light seems to be alleged as the reason why libellant was unaware of the presence of the rope over which he fell. The libel might have been sufficient without any allegation as to the light at all. Under the allegations of the libel the accident was due presumably to the rope being wrongly placed, and not to libellant's stepping off the boat into the water in the absence of light.

The libel is not insufficient on the ground mentioned, and the exception therefore will be overruled.

It is so ordered.